Filed 2/29/24  P. v. Williams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LEVY DYLAN WILLIAMS,<br><br>    Defendant and Appellant. | C098787<br><br>(Super. Ct. No. 21CF00969) |

Defendant Levy Dylan Williams appeals the trial court's denial of his petition for resentencing, purportedly under Penal Code[1] sections 1170, 1171, 1172, and Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719).  His appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and

---

[1]  Undesignated statutory references are to the Penal Code.

1

*People v. Wende* (1979) 25 Cal.3d 436, and asked that we exercise our discretion to review the record for arguable issues on appeal.

This court notified Williams he had 30 days to file a supplemental brief raising any argument he wanted us to consider. Williams filed a supplemental brief arguing "double jeopardy alleged allegations should have been disregarded," and his "excessive punishment" must be "vacated and reinstated" pursuant to former section 1171.1 (now section 1172.75).[2] We have independently reviewed the contentions Williams raised in his supplemental brief and conclude none of them have merit. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2021, Williams pled no contest to felony offenses: arson of an inhabited structure (§ 451, subd. (b)) and making criminal threats (§ 422, subd. (a)). In September 2021, the trial court sentenced Williams to state prison for an aggregate term of eight years eight months, as follows: the upper term of eight years for the arson count and eight months (one-third the middle term) consecutive for the criminal threats count. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45). There is nothing in the record indicating Williams appealed from the 2021 judgment.

In April 2023, Williams filed a petition for resentencing, citing sections 1170, 1171, and 1172, and requesting relief under Assembly Bill Nos. 124, 256, 333, and 1540 (2021-2022 Reg. Sess.), and Senate Bill Nos. 73, 81, 483, 567, and 775 (2021-2022 Reg. Sess.). Later that month, the trial court denied Williams's petition because no appeal had been filed from the 2021 judgment and his case "is final." Williams timely appealed from the April 2023 order.

---

[2] Effective June 30, 2022, the Legislature renumbered section 1171.1 to section 1172.75, with no substantive changes (Stats. 2022, ch. 58, § 12). We refer to section 1172.75 throughout this opinion.

DISCUSSION

Under section 1172.75, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).)  Relief is obtained by the Department of Corrections and Rehabilitation notifying the sentencing court of an individual in its custody who currently is serving a prison term that includes a section 667.5 enhancement (§ 1172.75, subd. (b)), and the trial court then has jurisdiction to review the judgment and recall and resentence the defendant (§ 1172.75, subd. (c)).

Given that Williams's sentence does not include a section 667.5 enhancement, we find no merit in his argument that the trial court erred in denying his request for resentencing pursuant to section 1172.75.  We also find no merit in Williams's argument that "double jeopardy alleged allegations should have been disregarded," given that he was only convicted of two separate and distinct crimes, namely arson and making criminal threats.

To the extent Williams is arguing he is entitled to a lesser sentence under the other changes to the law he cites, we note that he was only sentenced for the arson and making criminal threats convictions pursuant to a stipulated agreement and therefore the bulk of the changes he cites are inapplicable.  As to the remaining legislative amendments Williams cited in his petition, which took effect in 2022, courts have made clear that legislative amendments that lessen criminal punishment are presumed to apply only to cases that are not yet final, unless there is a saving clause providing for prospective application.  (*In re Estrada* (1965) 63 Cal.2d 740, 742, 744, 746-747.)  Williams is ineligible for relief because his 2021 judgment is final, given that he failed to file an appeal within the required 60-day period.  (Cal. Rules of Court, rule 8.308(a); *People v.*

*Kemp* (1974) 10 Cal.3d 611, 614 [a judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari have expired].)

As such, we find no error in the trial court's order denying Williams's resentencing petition.

DISPOSITION

The trial court's order denying Williams's resentencing petition is affirmed.


　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　BOULWARE EURIE, J.


We concur:


　　/s/
MAURO, Acting P. J.


　　/s/
MESIWALA, J.